**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., 40 Rector Street, 5th Floor New York, NY 10006 | |

NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.,
40 Rector Street, 5th Floor
New York, NY 10006
                     Plaintiff,

v.

OFFICE   OF   FEDERAL   CONTRACT
COMPLIANCE PROGRAMS,
An agency of the U.S. Department of Labor
200 Constitution Ave NW
Washington, DC 20210
                     Defendant.

**Case No. 1:21-cv-01152**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552, *et seq.*

1.     The NAACP Legal Defense and Educational Fund, Inc. ("LDF" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to obtain declaratory, injunctive, and other appropriate relief, requiring the U.S. Office of Federal Contract Compliance Programs ("OFCCP" or "Defendant") to respond to a FOIA request LDF submitted on October 26, 2020 (the "Request") and to promptly disclose the requested records.

2.     The Request seeks certain records concerning Executive Order 13950, entitled "Executive Order on Combatting Race and Sex Stereotyping," which was signed by President Trump on September 22, 2020 (the "Executive Order" or "EO 13950").  *See* Decl. of Amber Koonce (hereinafter "Koonce Decl.") ¶ 3, Exh. B (Request).

3.     The Request seeks records concerning, *inter alia*: (a) "the creation, drafting, development, or promulgation of the Executive Order," including documents regarding seminars and training materials expressly referenced in the Executive Order; (b) "requests made by or to

federal agencies seeking examples of diversity, racial sensitivity or other racial inclusivity trainings conducted in the past three years that might be implicated by [the Executive Order], and the responses received from those agencies"; (c) "review of the Executive Order for form and legality by the U.S. Department of Justice";  (d) any "amendments, or lack thereof, to Executive Order 11246 of September 24, 1965 (Equal Employment Opportunity)"; (e) "the implementation of the Executive Order"; and "communications with the Office of Management and Budget and other documents related to the creation and maintenance of the hotline referenced in the Executive order"; (f) "communications to the hotline," including "communications from other federal agencies, contractors, sub-contractors and grant recipients"; (g) "[OFCCP's] request for information from Federal contractors, Federal subcontractors, and employees of Federal contractors and subcontractors regarding the diversity and inclusion trainings, workshops or similar programing provided to employees"; and (h) OFCCP's assessment of submissions received in response to its request for information pursuant to the Executive Order.  *Id.*

4.     LDF has reached out to OFCCP's FOIA Office about the timing of the Request response multiple times over the past five months.  Among these communications, on October 28, 2020, LDF spoke with OFCCP FOIA officer Bruce Andersen who represented that in the interest of the Request's timely fulfillment, LDF should consider accepting documents the agency would produce in response to similar FOIA requests.  *See* Koonce Decl. ¶ 5-6.  LDF accepted this alternative arrangement; however, when LDF sought to confirm the arrangement by e-mail on the same day, Mr. Andersen responded that though OFCCP had started the search process, "[t]o date, [OFCCP] ha[d] no documents."  *See* Koonce Decl. ¶ 6-7, Exhs. D, E.

5.     On October 29, 2020, LDF received a letter via e-mail from OFCCP FOIA Manager Doris Lissette Geán, informing Plaintiff that "a full response will take longer than 20 business days

to fulfill" and thus OFCCP would need 10 additional business days to fulfill the Request. *See* Koonce Decl. ¶ 8, Exh. F. The letter also indicated that OFCCP would contact Plaintiff if it was unable to fulfill the Request in 30 business days. *Id*. Once the 30 business days lapsed, LDF received no determination as to the Request's fulfillment, nor did it receive any responsive documents. In fact, LDF did not receive any further correspondence from OFCCP, until a January 28, 2021 e-mail asking whether Plaintiff would like to voluntarily close the Request in light of a court order and President Biden's recission of EO 13950. *See* Decl. of Jin Hee Lee (hereinafter "Hee Lee Decl.") ¶ 6, Exh. A.

6.    LDF asked that the Request remain open and has since sought status updates on the Request multiple times, to no avail. Koonce Decl. ¶ 10, Exh. G. Finally, on March 18, 2021, LDF spoke with Mr. Andersen who confirmed that there was still "no set date for release" of documents responsive to the Request. Koonce Decl. ¶ 16, Exhibit L. Since then, OFCCP has provided no other information regarding the Request, nor has OFCCP produced any responsive documents.

## BACKGROUND

7.    The Trump administration took numerous steps to undermine efforts to foster diversity and inclusion in the workplace. Among these, on September 22, 2020, it issued Executive Order 13950, which precluded certain trainings and other forms of private speech in the workplace concerning continued manifestations of entrenched discrimination and bias against people of color, women, and LGBTQ individuals. The Executive Order prohibited, *inter alia*, federal agencies and current and prospective federal contractors, federal subcontractors, and federal grant recipients from discussing or promoting supposedly "divisive" concepts like systemic race and sex-based discrimination or implicit race and sex-based biases. *See* EO 13950 §§ 2-6. In addition, the

Executive Order required the Department of Labor, through OFCCP, to establish a hotline and investigate complaints alleging that a Federal contractor was utilizing precluded training programs under the Executive Order for the Department of Labor to take appropriate enforcement action. *See id.* § 4(b).   The Executive Order also required the Director of OFCCP within 30 days of the Executive Order's issuance to publish a request for information for "copies of any training, workshop, or similar programing having to do with diversity and inclusion as well as information about the duration, frequency, and expense of such activities." *See id.* § 4(c).

8.      Accordingly, on October 22, 2020, OFCCP published a request for information in the Federal Register seeking any "comments, information, and materials from the public relating to workplace trainings that involve race or sex stereotyping or scapegoating" through direct reporting or confidential reporting to the OFCCP Complaint Hotline.  *See* 85 Fed. Reg. 67,375 (Oct. 22, 2020).   Specifically, OFCCP's request sought leads on any Federal contractors and subcontractors that provide "materials teaching that men and members of certain races are inherently sexist and racist."  *Id*.  OFCCP's request for information further defined impermissible "race or sex stereotyping" as "ascribing character traits, values, moral and ethical codes, privileges, status, or beliefs to a race or sex, or to an individual because of his or her race or sex."  *Id*.  The request for information also defined "race or sex scapegoating" as "assigning fault, blame, or bias to a race or sex, or to members of a race or sex because of their race or sex," including "claims that, consciously or unconsciously, and by virtue of his or her race or sex, members of any race are inherently racist or are inherently inclined to oppress others, or that members of a sex are inherently sexist or inclined to oppress others."  *Id*.

9.      Although the current Presidential Administration repealed the Executive Order on January 20, 2021 (*see* Executive Order 13985), disclosure of the records that LDF seeks through

this Action would serve the public interest because it would facilitate the public's understanding of the motivations for the Order and the extent to which OFCCP implemented the Executive Order, among other things.   Both pieces of knowledge would directly inform LDF's efforts by illuminating the degree to which additional action is needed to remedy the effects of the Order and of other similar actions taken by the Trump Administration.  Moreover, disclosure of these records is necessary for LDF's monitoring of the eradication of racial discrimination in workplaces and other sectors of society, which LDF has monitored and litigated for over eight decades.

10.     This Action is necessary because more than six months have elapsed since OFCCP received the Request, and OFCCP has failed to provide LDF with documents or a determination as to its compliance with the Request despite myriad inquiries.  LDF has repeatedly attempted to communicate with OFCCP to facilitate a response as to the time frame for the Request's fulfillment, but those efforts have been unavailing.  OFCCP has repeatedly refused to produce a determination as to the Request promptly or by a certain date and has yet to produce any responsive documents.

## JURISDICTION

11.     This Court has subject-matter jurisdiction over this Action and personal jurisdiction over Defendant under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

## VENUE

12.     Venue is proper in the United States District Court for the District of Columbia pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C.  § 1391(e), because a substantial portion of the events giving rise to this action occurred in this District, and because Defendant maintains records and information subject to the Request in this District.

## PARTIES

13.     Plaintiff NAACP Legal Defense and Educational Fund, Inc. is a non-profit 501(c)(3) corporation established under the laws of the State of New York.  LDF is the nation's oldest civil and human rights law organization, founded in 1940 by Thurgood Marshall, who later became the first Black Associate Justice of the Supreme Court of the United States. Since its inception, LDF has used legal, legislative, public education, and advocacy strategies to promote full, equal, and active participation of African Americans in our country's democracy.   In furtherance of its mission, LDF has worked for over eight decades to dismantle racial segregation and ensure equal educational opportunities for all.  LDF's efforts to eliminate barriers for African Americans across society have included seminal Supreme Court decisions related to a broad range of racial justice issues, including employment discrimination, gender discrimination, and the importance of workplace diversity.  *See, e.g.*, *Lewis v. City of Chicago*, 560 U.S. 205 (2010); *Phillips v. Martin Marietta Corp.*, 400 U.S. 542 (1971); *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971).

14.     Defendant U.S. Office of Federal Contract Compliance Programs is an office within the U.S. Department of Labor and an agency within the meaning of 5 U.S.C. § 552(f).   OFCCP is responsible for ensuring that employers doing business with the Federal government comply with the laws and regulations requiring nondiscrimination.  Pursuant to EO 13950, OFCCP was to establish a hotline and investigate complaints alleging, *inter alia*, violations of the Executive Order.  *See* EO 13950 § 4(b).  The Executive Order also provided that the Department of Labor was to "take appropriate enforcement action and provide remedial relief, as appropriate" in response.  *Id.*  Within 30 days of the issuance of the Executive Order, OFFCP was also required to publish in the Federal Register a request for information seeking information from Federal contractors, Federal subcontractors, and employees of Federal contractors and subcontractors

regarding the training, workshops, or similar programming provided to employees having to do with diversity and inclusion.  *Id*. § 4(c).  To that end, on October 22, 2020, OFCCP published a request for information in the Federal Register.  *See* 85 Fed. Reg. 67,375 (Oct. 22, 2020).

## THE FREEDOM OF INFORMATION ACT

15.     Under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, all federal agency records are accessible to the public, unless the government shows that they are specifically exempt. The Supreme Court has explained that "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978); *see also Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) ("[D]isclosure, not secrecy, is the dominant objective of the Act.").  Thus, the Supreme Court has recognized a presumption in favor of disclosure, with the burden falling on the government agency to justify any nondisclosure.  *See, e.g.*, *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 755 (1989) ("If an agency improperly withholds any documents, the district court has jurisdiction to order their production.  Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden on the agency to sustain its action.") (internal quotation marks omitted).

16.     The Freedom of Information Act imposes certain time limits on government agencies to ensure that FOIA requests are not neglected.  An agency is required to make a determination as to whether it will comply with a FOIA request within 20 working days of receiving the request.  *See* 5 U.S.C. § 552(a)(6)(A)(i).  Likewise, an agency is required to make a determination on an appeal within 20 working days of receiving the appeal.  *See id.* § 552(a)(6)(A)(ii).  Agencies are prohibited from tolling the 20-day response period for FOIA

requests except through (1) a single query to the requester regarding the substance of the request; or (2) communications with the requester regarding fee assessment. *See id.* § 552(a)(6)(A). While an agency may extend the 20-day period due to "unusual circumstances," this extension is limited to an additional "ten working days," resulting in a 30-day response period under FOIA. *Id.* § 552(a)(6)(B)(i).

## LDF'S REQUESTS AND OFCCP'S RESPONSES

17.     On October 26, 2020, LDF sent the Request to OFCCP's FOIA Officer via electronic mail. *See* Koonce Decl. ¶ 2, *see also* Exhs. A (LDF's e-mail transmitting the Request to OFCCP's FOIA Office), B (Request).

18.     On October 28, 2020, Department of Labor Information Specialist Aretha Dodson sent an e-mail to LDF attorney Amber Koonce confirming receipt of the Request and stating: "Your request has been assigned to OFCCP with tracking number 2021-F-00938.  When they begin     processing    it,     you     will     be     able     to     track     its     progress     at https://efoia.dol.gov/App/CheckStatus.aspx."  Koonce Decl. ¶ 4, Exh. C.

19.     Also on October 28, 2020, Ms. Koonce received and memorialized by e-mail a call from OFCCP FOIA Officer Bruce Andersen, stating: "I am writing to memorialize our conversation today regarding the fulfillment of LDF's FOIA request for OFCCP, No. 2021-F-00938, dated October 26, 2020.  Per your offer, could you please produce the documents that you've already identified for production in response to other "similar" FOIA requests?  I will follow up regarding any other outstanding documents we may want.  Please confirm if this works on your end."  Koonce Decl. ¶ 6, Exh. D.

20.    That same day, Mr. Andersen responded, "To date, we [OFCCP] have no documents.  However, we have started the search process.  We will send formal correspondence about your request."  *See* Koonce Decl. ¶ 7, Exh. E.

21.    The next day, on October 29, 2020, OFCCP FOIA Manager Doris Lissette Geán sent a letter via e-mail to LDF attorney Jin Hee Lee, advising of the costs and amount of time necessary to fulfill the Request, stating, *inter alia*:

> Due to the volume and complexity of the FOIA requests in receipt of this agency, we anticipate that providing a full response will take longer than 20 business days to fulfill.  Accordingly, OFCCP will take an additional 10 business days to fulfill your request as afforded by the FOIA at 5 U.S.C. § 552(a)(6)(B)(i).  **We will contact you if we are unable to fulfill your request in 30 business days.**

> We consider you to be an "other" type of requestor. As an "other" requestor, the first 100 pages of reproduction, all review time, and the first two hours of search time are being furnished without charge in accordance with the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(4). DOL's FOIA regulations at 29 CFR § 70.42(a) deem that the filing of a FOIA constitutes an agreement by the requester to pay all fees up to $25.00. …

> If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. In the appeal, you must state in writing the grounds for the appeal, and may include any supporting statements or arguments, but such statements are not required. To facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. Clearly mark "Freedom of Information Act Appeal" on the envelope and letter of the appeal. You must make any amendment to the appeal in writing and we must receive it prior to a decision. Address the appeal to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. You may submit your appeal by email to foiaappeal@dol.gov. The Department does not accept appeals submitted to any other email address.

*See* Hee Lee Decl. ¶ 4; Koonce Decl. ¶ 8, Exh. F (emphasis added).

22.     LDF did not object to the additional 10 business days or costs for fulfilling the Request.  However, OFCCP never produced responsive documents within the 30 business days, nor did OFCCP contact Plaintiff to inform it was unable to fulfill the Request, as indicated.   Hee Lee Decl. ¶ 5,6.

23.     Plaintiff did not hear back from OFCCP regarding the Request for another three months.

24.     On January 28, 2021, the OFCCP FOIA Team e-mailed Ms. Hee Lee to notify her that the Request had been tolled and to request a response from Plaintiff to keep it open, stating:

> On January 20, 2021, as part of Executive Order 13985 titled "Advancing Racial Equity and Support for Underserved Communities Through the Federal Government," President Biden revoked Executive Order 13950, "Combating Race and Sex Stereotyping." Executive Order 13985 follows the December 22, 2020, issuance of a nationwide preliminary injunction by the United States District Court for the Northern District of California prohibiting OFCCP from implementing, enforcing, or effectuating Section 4 of Executive Order 13950 against any federal contractor or subcontractor. *See Santa Cruz Gay & Lesbian Community Center v. Trump*, No. 20-cv-07741-BLF, 2020 WL 7640460 (N.D. Cal. Dec. 22, 2020).
>
> To see OFCCP's response to these actions, please refer to Attachment A, which is a screenshot of our webpage found at https://www.dol.gov/agencies/ofccp/executive-order-13950.    You have an open FOIA request relating to Executive Order 13950.  In light of its revocation, and the prior court order halting all implementation, enforcement, or effectuation of that Executive Order, we are writing to inquire whether you would like to leave this request open.  **We are tolling this request while we wait for your response.  If we do not hear from you in fourteen (14) days we will close this request.**
>
> If you need further assistance or would like to discuss any aspect of your request, please do not hesitate to contact this office at (202) 693-0101 or by email at OFCCP_NO_FOIA@dol.gov.  Alternatively, you may wish to contact the DOL FOIA Public Liaison, Thomas Hicks, at (202) 693-5427 or by email at hicks.thomas@dol.gov.

*See* Hee Lee Decl. ¶ 6, Exh. A (emphasis added).

25.     On February 1, 2021, Ms. Koonce replied to the OFCCP e-mail on behalf of LDF and Ms. Hee Lee, asking that the Request remain open and seeking "an update on the status of the

response to our FOIA request and, in particular, if a response has been provided." *See* Koonce Decl. ¶ 10, Exh. G.  Ms. Koonce's e-mail also detailed that, "The request was dated October 26, 2020, and OFCCP's response to our FOIA request was due within 20 business days.  Accordingly, we expected a response by on November 23, 2020." *Id*.

26.     After receiving no response to her inquiry, Ms. Koonce e-mailed OFCCP's FOIA Team again on February 16, 2021, asking that they "Please provide a status update on our FOIA request, or indicate when a response will be forthcoming by the close of business on February 19, 2020.  If we have not received a response by this time, we will seek appropriate judicial relief." Koonce Decl. ¶ 11, Exh. H.

27.     On February 19, 2020, the OFCCP FOIA Team sent the following e-mail to Plaintiff:

> We have received your most recent correspondence regarding your FOIA request. Please be advised that we have received numerous overlapping requests for information relating to Executive Order 13950, "Combating Race and Sex Stereotyping," and its implementation. Because of the number of overlapping requests, per the disclosure requirements found at 5 U.S.C. § 552(a)(2)(D)(ii), OFCCP will post documents responsive to these requests, with any appropriate redactions, in our FOIA Library found at: https://www.dol.gov/agencies/ofccp/foia/library
>
> We will notify you when we believe the posted documents have satisfied your request. If you need further assistance or would like to discuss any aspect of your request, please do not hesitate to contact this office at (202) 693-0101 or by e-mail at OFCCP_NO_FOIA@dol.gov. Alternatively, you may wish to contact the DOL FOIA Public Liaison, Thomas Hicks, at (202) 693-5427 or by email at hicks.thomas@dol.gov.

Koonce Decl. ¶ 12, Exh. I.

28.     After receiving no notification of responsive documents for about another month, Ms. Koonce then called OFCCP's FOIA Office on March 12, 2021, to which FOIA Officer Mr. Andersen e-mailed in response, "How may we be of assistance?"  Koonce Decl. ¶ 13, Exh. J.  On

March 18, 2021, Ms. Koonce responded by e-mail, stating:

> Could you please advise when the documents responsive to our FOIA request—FOIA #2021F00938—will be made available in the OFCCP FOIA library?  Our request was dated October 26, 2020, over four months ago.  OFCCP's response to our FOIA request was due within 20 business days.  Accordingly, we expected a response by on November 23, 2020.  Again, please advise when the requested documents will be made available.

*See* Koonce Decl. ¶ 15, Exh. K.

29.     Ms. Koonce noted that the FOIA tracker indicated an "Estimated Delivery Date" for the Request of March 19, 2021, so she followed up her e-mail with a call on the same day, during which Mr. Andersen informed her that there actually was no scheduled release date for documents responsive to the Request.   Koonce Decl. ¶ 16.   Mr. Andersen memorialized the conversation in an e-mail, stating: "To confirm our discussion, we have no set date for release. We will post the documents in a rolling release as we complete them." *See id*, *see also* Exh. L.

30.     LDF has not received any update on the Request or any other communication from OFCCP since March 18, 2021.

31.     As of filing this complaint, Plaintiff has received neither responsive documents nor any determination from OFCCP as to its compliance with the Request at any point in the near future.

32.     Because OFCCP failed to make a determination as to its compliance with the Request within the "ten working days" extension limit provision of FOIA, 5 U.S.C. § 552(a)(6)(B)(i), LDF is deemed to have exhausted its administrative remedies.   *See* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").   Although FOIA typically requires completion of an agency's appeals process

before one can seek judicial relief, "[i]f the agency does not make a 'determination' within the relevant statutory time period, the requester may file suit without exhausting administrative appeal remedies." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n ("CREW")*, 711 F.3d 180, 185 (D.C. Cir. 2013). An agency "determination" involves the agency collecting and examining the requested documents and then informing the requesting organization of items to be produced and withheld. *Id*. at 186. In *CREW*, the court found that CREW was "deemed to have exhausted its administrative appeal remedies," where the Federal Election Commission failed to "make and communicate a 'determination'" within the statutory time period. *Id*. at 190. Likewise here, LDF is deemed to have exhausted its administrative remedies under the statute and an administrative appeal is not necessary because OFCCP has failed to provide LDF with a determination on the Request within the time limit set by 5 U.S.C. § 552(a)(6)(B)(i).

## CLAIMS

### Count I: Violation of FOIA for Failure to Respond to Plaintiff Within 30 Business Days

33.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.

34.     Under FOIA, Defendant has 20 business days after receipt of the Request to determine whether to comply with the Request and to notify Plaintiff of that determination. 5 U.S.C. § 552(a)(6)(A). After Defendant claimed an extension of 10 business days to respond to the Request, under *id*. § 552(a)(6)(B)(i), Defendant had a legal duty to: 1) notify Plaintiff if the Request could not be processed in the amended time period; 2) provide Plaintiff the "opportunity to limit the scope of the request" so that it may be processed within 30 business days; or 3) provide "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request," *id*. § 552(a)(6)(B)(ii).

35.     Defendant's failure to respond to Plaintiff by either responding to Plaintiffs' request; notifying Plaintiff that it could not comply with the Request within 30 business days after receiving it; arranging for the timely fulfillment of a modified request; or proposing an alternative prompt, reasonable time frame for the Request's fulfillment, violates FOIA, 5 U.S.C. § 552(a)(6)(B)(ii) and applicable regulations promulgated thereunder.

## Count II: Violation of FOIA for Failure to Make Records Available

36.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs.

37.     Plaintiff has a legal right under FOIA to obtain the specific agency records requested on October 26, 2020, and Defendant has identified no legal basis to refuse to make the requested records promptly available to Plaintiff and the public.

38.     Defendant's failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), *id*. § 552(a)(3)(B), and applicable regulations promulgated thereunder.

39.     On information and belief, Defendant currently has possession, custody, or control of the requested records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:

A.     Declare that Defendant violated FOIA by failing to provide a timely determination for the Request, failing to notify Plaintiff that the Request could not be satisfied within 30 days, failing to give Plaintiff the opportunity to modify the Request such that it could be produced within

the 30 days, and failing to provide an alternative certain time frame or certain date for document production.

    B.    Declare that Defendant violated FOIA by unlawfully withholding the requested records;

    C.    Order Defendant to immediately disclose the requested records and make copies immediately available to Plaintiff without charge for any search or duplication fees;

    D.    Award Plaintiff its reasonable costs and attorneys' fees; and

    E.    Award such other relief as this Court may deem just and proper.


Dated:  April 28, 2021

    Respectfully submitted,

    /s/ Ajmel Quereshi
    Ajmel Quereshi (D.C. Bar No. 1012205)
    **NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**
    700 14th Street N.W., Ste. 600
    Washington, DC 20005
    Tel: (202) 682-1300
    Fax: (202) 682-1312
    aquereshi@naacpldf.org

    Janai Nelson*
    Jin Hee Lee*
    Amber Koonce*
    **NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**
    40 Rector St., 5th Floor
    New York, NY 10006
    Tel.: (212) 965-2200
    Fax.: (212) 226-7592

    *Counsel for Plaintiff*

    *\* Pro hac vice application forthcoming*

15